UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUIANETE MOORE, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:23-CV-1441 RLW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Order to Show Cause dated November 16, 2023. [ECF Nos. 2 and 3]. In the Order, the Court directed movant to show cause why his motion to vacate, set aside, or correct sentence should not be dismissed as time barred. For the following reasons, the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

**Background**

Movant is a self-represented litigant who is currently incarcerated at the St. Louis County Justice Center in Clayton, Missouri. On January 7, 2020, he pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Moore*, No. 4:19-CR-311 RLW (E.D. Mo.). On October 20, 2020, the Court deemed movant a career offender pursuant to U.S.S.G. § 4B1.1(a) and sentenced petitioner to 246 months imprisonment and three years of supervised release.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Moore*, No. 20-3212 (8th Cir. 2021). On October 13, 2021, the Eighth Circuit

affirmed his conviction and sentence. The mandate was issued on December 6, 2021. *Id.* Movant filed a petition for writ of certiorari with the Supreme Court of the United States on February 8, 2022. *Moore v. United States*, No. 21-1118 (2022). The petition was denied on March 21, 2022. *Id.*

Movant's criminal judgment became final under 28 U.S.C. § 2255(f)(1)-(4) on March 21, 2022, when the Supreme Court denied certiorari. *See* 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); *Sweet v. Delo*, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction). Movant's motion would have been due to this Court no later than March 21, 2023, in accordance with 28 U.S.C. § 2255(f)(1). Movant filed his motion to vacate by placing it in the prison mail system on November 9, 2023. As such, his motion to vacate was 233 days late.

On November 16, 2023, the Court ordered movant to show cause why his motion should not be summarily dismissed as time barred. [ECF No. 2]. Movant filed a four-page response arguing that he was relying on his appellate counsel to file his motion to vacate in a timely manner. [3]. He claims that for this reason he is entitled to equitable tolling.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court must summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. The AEDPA requires a § 2255 motion to be filed within one year of, as relevant here, the date the challenged judgment became final. 28 U.S.C. § 2255(f)(1). Equitable tolling is available in the context of a § 2255 motion, *United States v. Martin*, 408 F.3d

2

1089, 1092 (8th Cir. 2005), but it "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001).

Equitable tolling is appropriate only when a movant demonstrates that he was diligently pursuing his rights, but extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010), *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The Eighth Circuit has cautioned that application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id*. at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control, and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

In his response brief, movant asserts that he had a discussion with his appellate counsel after his direct appeal was denied, in which his counsel made comments such as "we can," and "there is still …" and "I think it would be useful and could prevail…" [ECF No. 3, p. 1]. Movant states that the comments by counsel could have been reasonably understood to mean that counsel was going to file his § 2255 motion when the time came, although he acknowledges "this may have been misconstrued by petitioner." *Id*. He further argues that his counsel told him, "it's done," after the petition for writ of certiorari was denied in the Supreme Court. [ECF No. 3, p. 2]. At that

3

point, movant "thought [his § 2255] had been filed." *Id*. Movant claims he based this assumption on, "[t]he misunderstanding … that the [a]ppeals were done, but the reasonable understanding of the [p]etitioner [d]ue to the previous conversations in which the section 2255 was mentioned a number of times …." *Id*. Movant states that "it was only recently," when he had not received correspondence from counsel, that he "found someone to check Pacer.gov for the filing" and "discovered he had been incorrect, albeit due to miscommunication with counsel, and an erroneous reasonable understanding." *Id.*

The Eighth Circuit Court of Appeals has considered two cases in which similar arguments against untimeliness were raised, where prisoners believed that attorneys would be filing § 2255 motions on their behalf. *See Chachanko v. United States,* 935 F.3d 627 (2019), and *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013).

In *Chachanko,* a South Dakota prisoner sought review of his criminal case under the Supreme Court case of *Johnson v. United States*, 576 U.S. 591 (2015), which was decided on June 26, 2015. *See Chachanko*, 935 F.3d at 627. Chachanko resided in a special housing unit (SHU) from March 2015 to March 2017. *Id.* at 628. In April 2016, believing that *Johnson* invalidated his sentence, he wrote to the public defender's office asking for "some information and paperwork so [he] could file before the June deadline." *Id.* at 629. The public defender's office wrote back on May 2, 2016, stating it was reviewing potential *Johnson* claims, and "[i]f we conclude that you are eligible, we will file an appropriate motion to reduce your sentence within one year of the *Johnson* decision which is the deadline to file. If we find that you are not, we will let you know." On June 15, 2016, the public defender's office wrote Chachanko a letter informing him that he was ineligible for relief under *Johnson* "because recent Eighth Circuit case law has held that a Hobbs Act robbery is a crime of violence under the force clause of 924(c)." *Id.* The letter stated that the

4

public defender's office would "not file any motion seeking to reduce your sentence as a result." The letter included instructions "on how to file your own 2255" if "you disagree with our conclusion." Unfortunately, Chachanko did not receive the letter and it was returned to the public defender's office unopened. He finally spoke with a public defender in August 2016, after the one-year *Johnson* deadline. The attorney informed him that the June letter had been returned unopened, and the public defender had not filed a § 2255 petition on his behalf. *Id.*

In April 2017—a month after his release from the SHU and almost a year after the statute of limitations for his *Johnson* claim expired—Chachanko filed a pro se letter seeking § 2255 relief. In July 2017, through appointed counsel, he filed a § 2255 motion. The district court denied the motion as untimely, ruling "Chachanko has failed to show that he diligently pursued his rights." It found that he "did nothing between June 27, 2016, and August 24, 2016, such as contact the court, to check on the status of his claim," and that he did not take "any steps ... to pursue his claim in the 233 days—or more than seven months—that passed between August 24, 2016, when Chachanko first learned that the FPD had not filed a motion to reduce his sentence, and April 13, 2017, when Chachanko filed his pro se motion to reduce his sentence." *Chachanko v. United States*, No. 5:17-CV-05029-KES, 2018 WL 3222515, *5 (D. S.D. June 28, 2018). Chachanko appealed the decision to the Eighth Circuit, which reviewed his equitable tolling argument.

The Eighth Circuit found that Chachanko could not show extraordinary circumstances or that he was reasonably diligent in pursuing his claims. *Chachanko*, 935 F.3d at 630. Neither Chachanko's five-month confinement in the SHU nor the fact that he did not receive the public

5

defender's letter regarding representation could warrant extraordinary circumstances.[1] *Id.* In addition, the Eighth Circuit held that even if Chachanko could show extraordinary circumstances, he could not show that he had been diligent in pursuing his rights.

> The Eighth Circuit explained:
>
> Reasonable diligence exists where a petitioner "writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day he learns it is late." *Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016), citing *Holland v. Florida*, 560 U.S. at 653, 130 S. Ct. 2549. "In contrast, a petitioner does not act diligently when," as here, "he simply assumes that his attorney is working on his case." *Id.* Like the petitioners in *Muhammad* and *Kelley*, Chachanko "did nothing to monitor the status of his case" including trying to contact the court, "an action that certainly would fall under 'reasonable diligence.'" *Muhammad*, 735 F.3d at 817. Also like the petitioner in *Muhammad*, "he did not file the section 2255 motion immediately" upon learning the deadline was missed. *Id*.

*Chachanko,* 935 F.3d at 630.

In this case, movant Moore has failed to allege that he followed up on the vague dialogue with his appellate counsel about filing a motion to vacate. Movant does not allege that he wrote a letter, called, or reached out in any way to find out if counsel was writing his § 2255 motion, nor did he contact this Court to see if his appellate counsel filed a § 2255 motion on his behalf. Further, movant has not identified the date when he learned that counsel was not working on his § 2255

---

[1]The Eighth Circuit compared the *Chachanko* case to *United States v. Muhammad,* 735 F.3d 812 (8th Cir. 2013). In that case, the defendant argued that his § 2255 filing was late, in part, because of his confinement in a SHU. Like Chachanko, Muhammad also argued "he mistakenly relied upon his attorney's assertion that she would file a section 2255 motion on his behalf." *Muhammad*, 735 F.3d at 815. In *Muhammad*, the Eighth Circuit affirmed the denial of the § 2255 motion. First, the Court of Appeals held that "Muhammad's five-month confinement in the Special Housing Unit [did] not constitute an extraordinary circumstance warranting the application of equitable tolling." *Id.* Next, it held that Muhammad's allegations against his attorney did not show extraordinary circumstances even though she "initially stated she would file the section 2255 motion on his behalf and then quit communicating with him." *Id.* at 816. Rather, the Court of Appeals noted that the attorney did not lie about deadlines, tell Muhammad she would file a motion, fail to communicate critical information about his case, or withhold paperwork necessary to file the motion. *Id.*

motion and decided to pursue the motion himself. Given these facts, the Court is unable to find that movant acted with reasonable diligence such that he could be entitled to equitable tolling of the statute of limitations. The Court therefore finds that movant's motion to vacate is time barred and must be denied and dismissed.[2]

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED and DISMISSED** as time barred. See Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2024.

---

[2] Because this matter is being dismissed as time barred, the Court will not address movant's substantive argument for reduction in his Career Offender status based on his "single course of conduct" argument.